**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3: 99cr163**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **Vs.** ) | **ORDER** |
| ) | |
| **RONALD ANTHONY MOORE,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on a letter from defendant filed April 10, 2012. Letter (#39). As he did in his earlier Motion to Vacate (#38), defendant appears challenge the fact that he was convicted of a supervised release violation based on conduct that was also subject of a state criminal charge, a charge that was later dismissed. In the letter, defendant asks the court for "[c]larification on what type of violation that I am being charge with (A, B, or C) violation which would determine what type of sentence should have been imposed upon the defendant." Id., at 1 (errors in the original).

First, defendant is again advised that the fact that the state later decided to dismiss the charges which stemmed from the conduct which formed the basis of the federal supervised release violation is of no legal consequence. A criminal conviction for the conduct underlying a supervised release violation is neither pre nor a post-requisite to revocation of supervised release, as the Court of Appeals for the Fourth Circuit held in United States v. Mitchell, 1994 WL 717605 (4th Cir. 1994):

> Pursuant to 18 U.S.C.A. § 3583(e)(3) (West Supp.1994), the district court may revoke a defendant's supervised release "if it finds by a preponderance of the evidence that the person violated a condition of supervised release." Because the standard of proof is less than is required for a criminal conviction, the district court may find that the defendant has violated a condition of his supervised release based on its own finding of new criminal conduct, even if the defendant is acquitted on

criminal charges arising from the same conduct, or if the charges against him are dropped. *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir.1991) (citations omitted).

Id., 1994 WL at 3.[1]  In this case, defendant admitted the conduct forming the factual basis of the federal supervised release violation; that the state may have decided to forego criminal prosecution of that conduct is of no legal significance under Mitchell.

Finally, as to defendant's query concerning what type of violation he has been convicted of, defendant admitted Violations 1-4 (as provided in the Petition for Warrant for Offender Under Supervision (#30)), with Violation 1 being a Grade A violation and Violations 2-4 being Grade C violations.

## ORDER

**IT IS, THEREFORE, ORDERED** that, to the extent defendant seeks affirmative relief from the court in his letter (#39), such relief is **DENIED.**

Signed: April 11, 2012

Max O. Cogburn Jr.
United States District Judge

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.